**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**NORFOLK SOUTHERN**
**RAILWAY COMPANY,**

      **Plaintiff,**          :

v.                                    **Case No. 2:19-cv-3486**
                                    **Judge Sarah D. Morrison**
**BAKER HUGHES OILFIELD**         **Magistrate Judge Kimberly A.**
**OPERATIONS, LLC,**            :    **Jolson**

      **Defendant,**

**OPINION AND ORDER**

This matter is before the Court on two motions. First is Defendant Baker Hughes's Motion for Partial Reconsideration of the Court's January 21, 2022 Opinion and Order on the parties' cross motions for summary judgment. (ECF No. 83.) The second is Plaintiff Norfolk Southern's Motion for Attorney's Fees and Costs. (ECF No. 73.) Both motions are fully briefed. The outcome of the latter depends on the outcome for the former. Accordingly, the Court will first address Baker Hughes's Motion, then Norfolk's.

**I.    BACKGROUND**

This lawsuit arose out of two freight shipments of frac sand in December 2016 and February 2017. (ECF No. 65, Baker's Mot., PageID 1587). Baker Hughes sold the frac sand to Silver Creek Services; per the terms of the bill of sale, Silver Creek was responsible for freight transportation costs to ship the sand from North Dakota to Ohio. (ECF No. 65-1, Bill of Sale, PageID 1617–18.) Despite Silver

Creek's responsibility for the frac sand transportation, Baker Hughes actively coordinated shipping logistics with the shipper, Francis Drilling Fluids (FDF). (Baker's Mot., PageID 1590; ECF No. 64, Norfolk's Mot., PageID 1542–43.)

Baker Hughes's involvement with shipping logistics made it the principal of its agent-shipper, FDF. The Court determined that under the Norfolk's Conditions of Carriage, FDF was responsible for Norfolk's freight charges. Baker Hughes, then, was bound by the same Conditions and liable as FDF's principal. (See, ECF No. 71, O&O, PageID 2420).

In addition to the freight charges, the Court awarded Norfolk finance charges (12% per annum) plus attorney's fees and costs pursuant to the Conditions of Carriage. (*Id.*)

## II. MOTION FOR PARTIAL RECONSIDERATION

Baker Hughes asks the Court to reconsider its decision that Norfolk's Conditions of Carriage allow Norfolk to recover finance charges, attorney's fees, and costs from Baker Hughes. (*Id.*, PageID 2831.)

### A. Legal Standard

Motions for reconsideration serve a limited function and are warranted only where there is: (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice. *Pegg v. Davis*, 2009 WL 5194436, at *1 (S.D. Ohio 2009) (Marbley, J.). A party "cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued." *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC,*

2

477 F.3d 383, 395 (6th Cir. 2007); *Harley-Davidson Motor Co. v. Bank of New England-Old Colony, N.A.*, 897 F.2d 611, 616 (1st Cir. 1990) (Motions for reconsideration are "aimed at *re*consideration, not initial consideration.") (citing *White v. New Hampshire Dept. of Employment Sec.*, 455 U.S. 445, 451 (1982)); *J.P. v. Taft*, 2006 WL 689091, at *3 (S.D. Ohio 2006) (Marbley, J.).

### B. Analysis

Baker Hughes argues that the Conditions of Carriage, while binding on it, do not permit Norfolk's recovery of finance charges, attorney's fees, or costs because it allows collection of those damages only "in the event of any violation of the credit terms of [Norfolk] by Shipper or Payor." (ECF No. 61-22, Conditions of Carriage, PageID 1270.) Baker Hughes avers that there is no evidence of a credit agreement between it and Norfolk, and therefore Norfolk misinterpreted the relevant provision of the Conditions of Carriage. (*Id.*). Thus, Baker Hughes argues that there is a need to correct a clear error or prevent manifest injustice.

However, the Court need not reach the merits of Baker Hughes's argument, as it was tardily raised. *See Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (affirming the district court's decision not to address the merits of the moving party's argument because such argument could have been raised prior to judgment). In its summary judgment briefing, Norfolk argued explicitly that it was entitled to attorney's fees, costs, and finance charges under Rule 300 of its Conditions of Carriage and presented evidence to that effect. (ECF No. 61, Norfolk Mot., PageID 1027, 1036; ECF No. 61-2, Harris Decl., PageID

3

1046). This specific argument went unchallenged by Baker Hughes. Instead, Baker Hughes argued only that it was not bound by the Conditions at all because neither it nor FDF agreed to the terms of the Conditions or otherwise formed a contract with Norfolk. (ECF No. 68, PageID 2374.)

In response to Norfolk's motion for summary judgment, Baker Hughes could have raised the argument it now raises – that Rule 300 of the Conditions of Carriage did not apply to this transaction; but it did not. Thus, Baker Hughes does not ask the Court to reconsider anything, but rather requests that the Court give initial consideration of an issue that it failed to raise prior to judgment. The Court will not do so. *Harley-Davidson Motor Co.*, 897 F.2d at 616. There is no clear error or manifest injustice needing correction.

### C. Conclusion

Baker Hughes's Motion for Partial Reconsideration (ECF No. 83) is **DENIED**.

### III. MOTION FOR ATTORNEY'S FEES

#### A. Legal Standard

Fees and costs awarded under contractual fee-shifting provisions "are enforceable so long as the fees awarded are fair, just and reasonable as determined by the trial court upon a full consideration of all of the circumstances of the case." *Hustler Cincinnati, Inc. v. Elm 411, L.L.C.*, 2014 WL 7339031, 2014-Ohio-5648, ¶ 13. "The starting point for determining the amount of reasonable attorney fees is the 'lodestar' amount." *Bank One, N.A. v. Echo Acceptance Corp.*, 595 F. Supp. 2d

4

798, 801 (S.D. Ohio 2009) (Marbley, J.) (citing *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 551 (6th Cir. 2008)). The lodestar is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Id*. When the moving party establishes that the hours expended and rates charged are reasonable, the requested lodestar amount is presumed to be reasonable. *Id.* (citation omitted).

### B. Analysis

Norfolk is contractually entitled to recover "all reasonable costs of collection, including but not limited to reasonable attorneys' fees[.]" (ECF No. 61-22, Conditions of Carriage, PageID 1270; See, ECF No. 71, O&O, PageID 2420.) Norfolk's collection efforts included lawsuits against Silver Creek, FDF, and Baker Hughes. Norfolk requests $175,980.00 in fees and $8,294.54 in costs for its efforts.

1. **Norfolk's attorney's fees incurred prior to suing Baker Hughes are reasonable.**

As a preliminary matter, Baker Hughes argues that Norfolk cannot recover attorney's fees or costs incurred prior to Norfolk filing its Complaint in this case in August 2019. However, the broad contract language entitling Norfolk to "all reasonable costs of collection" does not limit Norfolk to recovering only fees and costs incurred in a specific lawsuit. Rather, under the plain language of the Conditions of Carriage, it can recover all reasonable costs of collection from the liable party.

Baker Hughes contends that recovery of such earlier-incurred fees would be "excessive, redundant, or otherwise unnecessary." (ECF No. 81, PageID 2718, citing

5

*Bunn Enterprises, Inc. v. Ohio Operating Engineers Fringe Benefit Programs*, 2016 WL 223717, at *3 (S.D. Ohio Jan. 19, 2016) (Marbley, J.).) However, Norfolk's fees incurred prior to suing Baker Hughes are none of those things. To collect its freight charges, Norfolk first sued Silver Creek, the "bill to" party on the bills of lading. Silver Creek denied liability, so Norfolk also sued to recover from the shipper FDF – who filed for bankruptcy. This finally led Norfolk to sue Baker Hughes, FDF's principal. (ECF No. 73-1, Cohen Decl., PageID 2440; See also, ECF No. 82, PageID 2827.) These efforts were made to recover the freight charges owed to it and, therefore, are "reasonable costs of collection" pursuant to the Conditions of Carriage. Norfolk is entitled to all reasonable fees incurred in pursuit of collection, not just those incurred after suing Baker Hughes.

**2. Norfolk's requested lodestar amount is reasonable.**

Counsel expended 502.8 hours collecting Norfolk's damages. (Cohen Decl., PageID 2440–42.) Counsel argues this amount is reasonable given the age, history, and complexity of this dispute. Norfolk pursued collection of the freight charges against various entities for nearly five years. (*Id.*, PageID 2440.) As for the litigation between Baker Hughes and Norfolk – it included a motion to dismiss, extensive discovery, a motion for sanctions, mediation, and cross-motions for summary judgment. The subject matter included, *inter alia*, transportation law, bankruptcy law, and common law agency theories. Counsel advocated against a well-represented, sophisticated business. These factors all support the reasonableness of the requested hours.

6

Other than arguing that Norfolk is not entitled to hours billed prior to suing Baker Hughes, Baker Hughes provides no evidence that any of the 502.8 hours expended were unreasonable. Accordingly, given Counsel's prolonged efforts to recover the freight charges, and the complex subject matter involved, the Court finds that 502.8 hours is reasonable.

Norfolk requests a blended billable rate of $350. (*Id.*, PageID 2441–42.) Baker Hughes argues that Norfolk has not proven this rate is reasonable because it does not provide an affidavit establishing the personal billable rates of the attorneys on the case; Baker Hughes takes particular issue with Norfolk not providing Timothy Frey's standard billable rate, given that Mr. Frey billed most of the hours. (See, *id.*, PageID 2442 (Mr. Frey billed 391.6 hours.).) However, "[t]he appropriate rate . . . is not necessarily the exact value sought by a particular firm, but is rather the market rate in the venue sufficient to encourage competent representation." *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 618 (6th Cir. 2007). And to make this determination, "[a] district court may rely on a party's submissions, awards in analogous cases, state bar association guidelines, and its own knowledge and experience in handling similar fee requests." *Van Horn v. Nationwide Prop. & Cas. Ins. Co.*, 436 F. App'x 496, 499 (6th Cir. 2011).

Norfolk provides ample evidence to support a $350 blended rate. James Gordon, who previously served as local counsel for Counsel in this case, attests that "[b]ased upon my 24 years of experience as an attorney and familiarity with the legal market in Columbus, Ohio, I believe a blended hourly rate of $350 for the legal

7

services provided by [Counsel] for Norfolk Southern Railway Company is a reasonable rate and consistent with the prevailing market rate for lawyers of comparable skill and experience." (ECF No. 73-7, Gordon Decl., PageID 2483–84.) Jeffery Cohen, a Partner at Cohen & Palombo (one of the firms representing Norfolk), provides some industry-specific context, testifying that "[b]ased upon my knowledge of legal market, a blended hourly rate of $350 is well within the range of, if not significantly lower than, the prevailing rates for commercial litigation services being performed by attorneys with similar skill, experience, knowledge of the transportation industry and transportation law, and reputation to the attorneys from C&P that provided legal services in this matter." (Cohen Decl., PageID 2441–42.)

Because Mr. Frey billed most of the hours in this case, the Court will consider his rate separately. Mr. Frey currently has 11 years' experience practicing law, and this court has found that attorneys with similar experience in Columbus, Ohio reasonably bill at a rate of $350. *See Swickheimer v. Best Courier, Inc.*, 2021 WL 6033682, at *4 (S.D. Ohio Dec. 21, 2021) (Graham, J.). While *Swickheimer* was a labor and employment case, there is no evidence that the subject matter of this case was any less difficult or should be paid a lower billable rate. Further, a 2019 Ohio State Bar Association survey indicates that a rate of $350 per hour is between the 50th and 75th percentile for attorneys in Columbus, and in the 75th percentile for attorneys handling collections. (ECF No. 73-11, PageID 2560–61.) The Court sees no

8

reason why Mr. Frey's rate should be below these percentiles. The requested $350 blended rate is reasonable and adequate.

Baker Hughes contends that Mr. Frey's rate should be the median state-wide rate of $235 as evidenced by the Ohio State Bar Association survey for attorneys with 6–10 years' experience, because Mr. Frey did not have 11 years' experience throughout the litigation. However, Baker Hughes does not explain why this state-wide rate is more accurate than the Columbus-specific rate and the rate for attorneys handling collections. Moreover, Baker Hughes provides no declarations from its own counsel or local Columbus attorneys suggesting an alternative rate. Accordingly, the Court uses Norfolk Counsel's requested rate to calculate the lodestar.

Multiplying 502.8 hours billed by $350 an hour, the total fee is $175,980.00. Accordingly, the Court awards Norfolk $175,980.00 in attorney's fees.

### 3. Norfolk's requested costs are reasonable.

Norfolk requests $8,294.54 in costs. Baker Hughes challenges this amount only on the grounds that some costs were incurred prior to Norfolk suing Baker Hughes. As discussed, however, Norfolk may recover all reasonable costs of collection. Accordingly, the Court awards $8,294.54 in costs.

### C. Conclusion

Norfolk's Motion for Attorney's Fees and Costs (ECF No. 73) is **GRANTED**. The Court hereby awards Norfolk $175,980.00 in attorney's fees and $8,294.54 in costs for a total of $184,274.54.

9

## IV. CONCLUSION

For the reasons set forth above, Baker Hughes's Motion for Partial Reconsideration (ECF No. 83) is **DENIED**. Norfolk is entitled to finance charges, attorney's fees, and costs. Norfolk's Motion for Attorney's Fees and Costs (ECF No. 73) is **GRANTED** in the amount of $184,274.54.

**IT IS SO ORDERED.**

/s/Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**
