UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**NORFOLK SOUTHERN RAILWAY COMPANY,**

    **Plaintiff,**

v.

**BAKER HUGHES OILFIELD OPERATIONS, LLC,**

    **Defendant/**
    **Third-Party Plaintiff,**

v.

**SILVER CREEK SERVICES, INC.,** *et al.*,

    **Third-Party Defendants.**

:
:
:

**Case No. 2:19-cv-3486**
**Judge Sarah D. Morrison**
**Magistrate Judge Kimberly A. Jolson**

## ORDER & FINAL JUDGMENT

This matter is before the Court on Plaintiff Norfolk Southern's Motion for Entry of Final Judgment (ECF No. 90). Norfolk seeks entry of final judgment against Baker Hughes in the amount of $701,598.63[1] because there are no claims remaining for the Court to resolve. The Motion is fully briefed. (ECF Nos. 93, 94.)

---

[1] This amount includes the $469,686.21 granted on summary judgment (ECF No. 71), $184,274.54 of awarded fees and costs (ECF No. 86), and the accrued 12 percent annum finance charges as of August 1, 2022. (See, ECF No. 92-1.)

The outcome of this motion centers on the Baker Hughes's involvement in the Silver Creek Services ("SCS") bankruptcy proceeding. In February 2022, Baker Hughes notified the Court that it had discovered SCS filed for bankruptcy in the United States Bankruptcy Court for the Western District of Pennsylvania. Baker Hughes submitted a motion to the bankruptcy court to file a late proof of claim against SCS. (Case No. 2:19-bk-22775, ECF No. 582.) A review of the bankruptcy docket reveals that the court granted Baker Hughes's motion (Case No. 2:19-bk-22775, ECF No. 595), and Baker Hughes subsequently filed its claim for $469,686.21 against SCS on March 23, 2022. (ECF No. 92-5.)

The bankruptcy court confirmed the SCS bankruptcy plan in February 2021. (Case No. 2:19-bk-22775, ECF No. 447.) That plan specifically discharged and released all claims (which now includes the Baker Hughes claim) against SCS:

> the distributions and rights that are provided in this Plan will be in complete satisfaction, discharge, and release, effective as of the Confirmation Date . . . of any and all Claims, whether known or unknown, against the Debtor or any of its assets or properties, regardless of whether the property has been distributed or retained pursuant to the Plan.

(ECF No. 92-6, PageID 3297–98.) The plan "permanently enjoined" creditors from "commencing or continuing in any manner against the Debtor . . . any suit, action or other proceeding, on account of or respecting any Claim . . . released or to be released pursuant to the Plan." (*Id.*, PageID 3299–3300.)

By filing its claim against SCS with the bankruptcy court, Baker Hughes is bound by the terms of the confirmed bankruptcy plan. *See In re Holly's, Inc.*, 178

B.R. 711, 713 (W.D. Mich. 1995) (citation omitted). It is thus permanently enjoined from continuing against SCS in this action.[2]

This contractual bar is consistent with the bankruptcy code, which provides that confirmation of a bankruptcy plan "discharges the debtor from any debt that arose before the date of . . . confirmation." 11 U.S.C. § 1141(d). And "[a] discharge operates as a permanent injunction against the continuation of an action to collect a debt" from the debtor. *Woodson v. Robintech, Inc.*, 69 B.R. 77, 78 (E.D. La. 1986) (citing 11 U.S.C. § 524(a)(2)). Thus, this Court is without jurisdiction to consider Baker Hughes's claims against SCS. *See id.* Accordingly, Baker Hughes's claims against SCS are hereby **DISMISSED**. *See In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 901 (6th Cir. 2009) (affirming dismissal of pending parallel claims after bankruptcy plan discharged the claims before the district court).

The Court need not engage in analysis under Federal Rule of Civil Procedure 54(b) to determine whether final judgment should be entered as to some claims but not all. No claims remain for the Court to consider in this case: Norfolk's claims against Baker Hughes were resolved on summary judgment (ECF No. 71), Baker Hughes's claims against Silver Line Logistics were resolved by default judgment (ECF No. 89), and the Court is without jurisdiction to consider Baker Hughes's claims against SCS.

---

[2]Baker Hughes does not address Norfolk's arguments regarding the effect of Baker Hughes submitting a proof of claim to the bankruptcy court – its response addresses only the relatedness of the pending claims. The Court construes this as an admission that this Court was deprived of jurisdiction over Baker Hughes's claims against SCS when the proof of claim was filed with the bankruptcy court.

Norfolk's Motion for Entry of Final Judgment (ECF No. 90) is **GRANTED**. Baker Hughes's claims against SCS are **DISMISSED**. The Court **DIRECTS** the Clerk to enter final judgment for Norfolk Southern against Baker Hughes. Judgment shall be entered in the amount of **$701,598.63**. The Clerk shall terminate the case from the docket.

    **IT IS SO ORDERED.**

    /s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**